**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TASHON ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF IRVINGTON POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Civil Action No.: 17-13206 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Township of Irvington Police Department's[1] Motion to Dismiss Plaintiff Tashon Robinson's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). To date, Plaintiff has not submitted Opposition to Defendant's motion, and the time to do so has since lapsed.[2] The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

### I.   BACKGROUND[3]

This action revolves around Defendant's false arrest and imprisonment of Plaintiff. Plaintiff is a resident of Newark, New Jersey. (Compl. ¶ 2). Defendants are "duly appointed and

---

[1] The Court notes that, to date, other named Defendants have not been served by Plaintiff. However, the below analysis is applicable to all Defendants, to the extent that the allegations them relate to Plaintiff's alleged false arrest or imprisonment.

[2] This motion was originally returnable on June 18, 2018, and pursuant to Local Civil Rule 7.1(d)(3), Plaintiff's Opposition was due at least fourteen days prior to the motion day. The Court provided Plaintiff additional time to respond to Defendant's Motion. However, no opposition was ever received.

[3] This background is derived from Plaintiff's Complaint (ECF No. 1 ("Compl.")), which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

acting officers of the Township of Irvington Police Department" who at all relevant times were "acting under color of law, statutes, ordinances, regulations, policies, customs, and practices of the Township of Irvington Police Department." (Compl. ¶ 3).

On or about October 10, 2015, Plaintiff was within the Township of Irvington when gunfire was directed at the vehicle he was operating. (Compl. ¶ 5). On or about October 24, 2015, the aforementioned vehicle was towed by Defendants. (Compl. ¶ 6). Plaintiff was issued a summons directing him to report to the Superior Court of New Jersey, Essex County, Law Division, Criminal Part on December 10, 2015.[4] (Compl. ¶ 7). Plaintiff reported as directed and was arrested and charged with the crimes of: (1) Possession of a Weapon; (2) Assault with a Deadly Weapon; and (3) Discharge of a Weapon. (Id.). Bail was set at $100,000. (Id.).

Plaintiff was incarcerated until he was able to post bail on or about December 29, 2015. (Compl. ¶ 8). At some unknown point and for some unknown reason, the charges against Plaintiff were dismissed. (Compl. ¶ 9). Following this dismissal, Plaintiff filed this action asserting claims of false arrest, false imprisonment, and intentional infliction of emotional distress.[5] (Compl. ¶¶ 11–21). Defendant now moves to dismiss Plaintiff's complaint arguing, *inter alia*, that the matter is time-barred.

## II. LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[4] The Complaint fails to explain what charge or charges said summons related to.
[5] The Complaint does not delineate separate causes of action. However, based on the Complaint, the Court gleans that these are the causes of action asserted by Plaintiff.

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III.  ANALYSIS

Plaintiff asserts claims sounding in violation of 42 U.S.C. § 1983. A cause of action arising under § 1983 accrues "when the plaintiff knew, or should have known, of the injury forming the basis of [the] action." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988). While § 1983 does not contain a statute of limitations, the Supreme Court in *Wilson* explained that the statute of limitations for § 1983 claims is governed by the forum State's statute of limitations governing tort actions. *Wilson v. Garcia*, 471 U.S. 261, 267 (1985). Moreover, the personal injury statute of limitation applies even if the forum State has a different statute of limitations for intentional torts. *See Owens v. Okure*, 488 U.S. 235, 236 (1989). In New Jersey, personal injury

actions are subject to a two-year statute of limitations, which the Third Circuit has held is applicable to § 1983 claims brought in New Jersey. *See* N.J.S.A. 2A:14-2a; *see also Cito v. Bridgewater Twp. Police Dep't*, 892 D.2d 23, 25 (1989).

The cause of action in the instant matter accrued on the date Plaintiff was notified of the charges against him because that is when Plaintiff knew or should have known of the injury forming the basis of the § 1983 action. As alleged in the Complaint, Plaintiff was arrested and charged with the aforementioned crimes on December 10, 2015. That date marked the accrual of Plaintiff's § 1983 claims and started the two-year statute of limitations pursuant to N.J.S.A. 2A:14-2a. Plaintiff's Complaint was filed in this Court on December 18, 2017, eight days after the applicable statute of limitations lapsed. Based on the plain reading of the statute, as well as the clear timeline discussed above, Plaintiff's Complaint is time-barred and must be dismissed with prejudice.

## IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is granted. An appropriate Order accompanies this Opinion.

DATED: July 17th, 2018

JOSE L. LINARES
Chief Judge, United States District Court